of a written instrument is applicable to several persons, parol evidence is admissible of any intrinsic circumstance to show what person or persons were intended. 1 Greenl. Ev. § 288. In the interpretation of a grant, another rule prevails. Where a grant made by government in general terms refers to a certainty, it is the same as if such certainty had been expressed in the grant, though it be not matter of record, but lie in averment, by matter in pais or in fact.

There is no doubt that the grant in this case comes within the principles of the foregoing authorities. In the grant there is a descriptio personarum who are to take. The defendants have brought themselves within that description, and are entitled to a verdict. Upon consideration whereof, after hearing counsel for the respective parties, we adjudge that defendants are not guilty.

---

### Ca e No. 5,119a.

#### FRIEMANSDORF v. WATERTOWN INS. CO.

[See 1 Fed. 68.]

---

### Case No. 5,120.

#### In re FRIEND.

[3 Woods, 388.] [1]

Circuit Court, S. D. Georgia. April Term, 1877.

Clifford Anderson, for petitioner.
R. E. Lester, contra.

BRADLEY, Circuit Justice. On examination of this case, I am of opinion that the assignee erred in setting apart to the bankrupt one thousand dollars on a specie basis (or eleven hundred and twenty-five dollars currency) in money, which accrued from the sale of his goods.

As no property was claimed by the bankrupt under the specific exemptions of the bankrupt act, his claim for an allowance must stand upon the exemption granted by the laws of the state. This, as to personal property (which is the only kind of property here in question), is "personal property to the value of one thousand dollars in specie." Const. Ga. art. 7. But the articles must be specifically claimed (Code, 2003); and if money is claimed, it is to be invested under the direction of the ordinary, in such articles as the applicant may desire—and in no case will the allowance of cash, without such investment, be a valid exemption (Code Ga. § 2016a; Smith v. Turnley, 44 Ga. 243). It is probable that the bankrupt court would not feel bound to superintend such investment, but, without it, would allow an exemption of money on hand. But this was not on hand. The money set apart is the proceeds of sales made by the assignee. The bankrupt should have specifically claimed the articles he desired before their conversion, unless deprived of an opportunity of doing so.

In this case the bankrupt did specifically claim certain goods which he set apart and separated from his other goods. The assignee took no notice of this separation, but mixed the goods together and sold them indiscriminately. The assignee then allotted to the bankrupt, out of the proceeds of sale, one thousand dollars in cash on a specie basis, as before stated. In doing thus he mistook the law. The bankrupt was entitled to the specific goods set apart and claimed by himself, if they did not exceed in value the amount of one thousand dollars in specie, and to those goods alone. The assignee having sold the entire stock, the bankrupt is only entitled to the proceeds of the specific goods set apart by himself. He cannot claim any advantage from the fact that the assignee improperly mixed the goods together. That would be unjust to the creditors. They have as much right to complain of the mixture as the bankrupt has. The assignee was the common agent of both parties; or rather, he was the agent of the law, and neither party ought to be prejudiced or advantaged by his act. I do not find any sufficient proof of fraud to deprive the bankrupt of his right to have property exempted under the law.

The decree of the district court [case unreported], and the decision of the register affirmed thereby, are reversed, and the matter is referred back to the assignee to ascertain (as near as can be done) the actual proceeds of the property claimed and set apart by the bankrupt (not to exceed one thousand dollars in specie), and to pay the same to him, and amend his schedule accordingly. The costs of this petition for review to be paid out of the general assets of the bankrupt estate.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]